```
                                            FILED
                                       06 OCT 31 AM 8:41
                                       CLERK, U.S. DISTRICT COURT
                                       SOUTHERN DISTRICT OF CALIFORNIA
                                                    PDL
                                       BY:                    DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY RAY COLE,<br><br>                Petitioner,<br>vs.<br><br>L. E. SCRIBNER, Warden, et al.,<br><br>                Respondents. | Civil No.   06-2356 H (BLM)<br><br>**ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION** |

      Petitioner is a state prisoner proceeding pro se with a habeas corpus action filed pursuant to 28 U.S.C. § 2254. Upon reviewing the petition, the Court finds that this case should be transferred in the interest of justice.

      A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). The application in the present matter attacks a judgment of conviction that was entered in the Riverside County Superior Court, which is within the jurisdictional boundaries of the United States District Court for the Central District of California, Eastern Division. 28 U.S.C. § 84(c)(1). Petitioner is presently confined at Calipatria State Prison in Calipatria, California, located in Imperial County, which is within the jurisdictional boundaries of the United States District Court for the Southern District of

California. 28 U.S.C. § 84(d). Thus, jurisdiction exists in both the Central and Southern Districts.

When a habeas petitioner is challenging a judgment of conviction, the district court of the district in which the judgment of conviction was entered is a more convenient forum because of the accessibility of evidence, records and witnesses. Thus, it is generally the practice of the district courts in California to transfer habeas actions questioning judgments of conviction to the district in which the judgment was entered. Any and all records, witnesses and evidence necessary for the resolution of Petitioner's contentions are available in Riverside County. *See Braden*, 410 U.S. at 497, 499 n.15 (stating that a court can, of course, transfer habeas cases to the district of conviction which is ordinarily a more convenient forum); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968).

Therefore, in the furtherance of justice, **IT IS ORDERED** that the Clerk of this Court transfer this matter to the United States District Court for the Central District of California, Eastern Division. *See* 28 U.S.C. § 2241(d). **IT IS FURTHER ORDERED** that the Clerk of this Court serve a copy of this Order upon Petitioner and upon the California Attorney General.

DATED: 10/27/06

Marilyn L. Huff
United States District Judge